## PETER F. EWER *vs.* THOMAS COFFIN.

A personal service by notice, in order to give the courts of one state jurisdiction of a cause, the defendant in which resides in another, so that a judgment in such cause may be enforced in the latter state, must be such a notice as a court is competent to direct, and which can be served within its jurisdiction.

Where a court in Rhode Island, in which an action had been entered against a defendant who was not resident within the state, and who did not appear, ordered personal notice of the pendency of the suit to be given him, which was effected by the reading of the writ and order of the court in his presence, by the sheriff of Nantucket, within his precinct, it was held, that this notice was not such personal service, as to be the foundation of a judgment, which might be enforced in this state; whatever effect it might be entitled to, (which the court did not decide,) if the court in Rhode Island had also obtained jurisdiction of the cause by an effectual attachment of property.

An attachment of property, in order to give the courts of one state jurisdiction of a cause, the defendant in which resides in another, so that a judgment in such cause may be enforced in the latter state, must not be merely formal or nominal, but actual and effectual ; and, unless the record of the judgment discloses such an attachment, no effect ought to be given to the judgment, out of the state in which it was rendered.

Where an action was commenced in Rhode Island against a person not resident therein, and the only service of the writ was effected by an attachment of articles

of trifling value, set out to the officer by the plaintiff, as the property of the defendant, and by an attested copy of the writ and of the officer's doings thereon being left with the plaintiff, who was in possession of the articles attached, it was held, that this was a merely nominal or formal attachment, and not such an actual and effectual one, as to be the foundation of a judgment, which might be enforced in this state.

If the record of a judgment, rendered in another state, set forth that notice of the action was given to the defendant, or that property was attached, and also what notice was given, or in what manner the attachment was made, the court will judge, upon the facts so stated, whether the notice or attachment was sufficient.

The jurisdiction of state courts being limited by state lines, it is difficult to see how the order of a court, served upon a party out of the state in which it is made, can have any greater effect than knowledge brought home to the party in any other way.

Mere knowledge of the pendency of a suit in the courts of another state, without service of the process, or an appearance, is not sufficient, of itself, to compromise the rights of the party in this state.

THIS was an action of debt, commenced in the court of common pleas, on a judgment of the court of common pleas for the county of Providence, in the state of Rhode Island, rendered against the defendant and others, on the fourth Monday of November, 1836.

On the trial in the court below, before *Colby*, J., the following facts appeared in evidence. The action in which the judgment was rendered was commenced on the 7th of May, 1833, by a writ returnable on the fourth Monday of the same May, in which the plaintiff was described as of Providence, in the county of Providence, and state of Rhode Island, and the defendant as of Nantucket, in the commonwealth of Massachusetts. On the same day, the officer to whom the writ was delivered for service, returned thereon that he had "made service of this writ by attaching one pair of canhooks set out to him by the plaintiff, as the property of the defendants, and had left a true and attested copy of the writ, with his doings thereon, with Peter F. Ewer, he being in possession of the same." The action was duly entered, and a declaration filed, at the return term; and the defendants not appearing, it was ordered by the court, on motion of the plaintiff, that notice be given to the defendants, at least thirty days before the sitting of the court, at the next term, of the pendency of the suit, and that the action stand continued

At the next and every succeeding term, until the November term 1836, the defendants not having been served with notice, the order was renewed in the same form. At the last mentioned term, notice having been "duly and personally served upon the defendants," who did not appear, they were defaulted, and judgment rendered against them.

The order did not specify the form of the notice, or the manner in which it was to be served; but the form made use of was a duly attested copy of the plaintiff's writ, and of the order of the court thereon ; and service thereof was made upon the defendant by the same being read to him, at Nantucket, on the 10th of October, 1836, by the sheriff of the county of Nantucket. The defendant never was an inhabitant of Rhode Island, and was not within that state, at any time during the pendency of the suit on which the judgment was rendered. The proceedings in that case were all regular and conformable to the laws of Rhode Island.

The parties agreeing, that, upon these facts, the court should render such judgment as might be proper, the judge directed a judgment to be entered for the plaintiff, and the defendant thereupon filed exceptions.

*T. G. Coffin*, for the plaintiff. The courts in Rhode Island had jurisdiction of the subject matter of the suit. Their judgment would carry into effect an attachment of personal or real estate of a non-resident found within their jurisdiction; such attachment, without notice to the defendant, would create a lien upon the property attached ; and judgment duly rendered would enable the attaching creditor to perfect his lien. The judgment is, therefore, conclusive as to the fact of indebtedness. *Napier* v. *Gidiere*, 1 Speers Eq. 215. A judgment is conclusive under the act of congress of 1790, if the court has jurisdiction of the cause, and of the parties.

The court in Rhode Island had jurisdiction of the cause if they had also jurisdiction of the parties, the judgment conclusive to every intent and purpose. In *Hall* v. *Wil liams*, 6 Pick. 232, it is said by Parker, C. J. on page 239

that " if it appeared by the record, that the defendants had notice of the suit, or that they appeared in defence, we are inclined to think, that it could not be gainsaid ; for, as we are bound to give full faith and credit to the record, the facts stated in it must be taken to be true judicially." See also *Miller* v. *Miller*, 1 Bailey, 242. In this case, it does appear by the record, that the defendant had notice. He was duly notified of the pendency of the action, and regularly summoned to appear.

This judgment, at common law, would be *prima facie* evidence of debt, and would throw the burden upon the defendant, to show that it was irregular or erroneous. He could not show, against the record, that he had no opportunity to defend, or that he was not summoned, or that he had good ground of defence; because the record shows that he was summoned to appear before a tribunal having jurisdiction of the subject matter, and that he did not appear.

The jurisdiction was not assumed upon constructive notice ; actual notice was given. The person of the defendant, it is true, was not within the jurisdiction of the court, at the time of the notice ; but the court had jurisdiction of the cause, and actual notice of the pendency of the action was given to the defendant ; and every legal purpose of notice, in order to entitle the judgment to full faith and credit, was therefore answered as fully, as though it had been served upon him within the limits of the state of Rhode Island.

The case of *Gleason* v. *Dodd*, 4 Met. 333, is not analogous to this case. The party there had no notice, nor did the party to the record appear, or authorize an appearance.

The law of this commonwealth (Rev. Sts. *c.* 92, § 3) provides that notice shall be given of the pendency of an action, when a party is not resident within the state, in like manner as this notice was given.

*H. H. Fuller & R. F. Fuller*, for the defendant.

FORBES, J. This is an action of debt upon a judgment rendered in the court of common pleas for the county of Providence, in the state of Rhode Island. The action upon

which that judgment was rendered was commenced in 1833 ; the defendants have always resided within this commonwealth ; they were not served with process within the state of Rhode Island ; they never appeared to the action, and judgment was finally rendered against them upon default. At the May term, 1833, the court ordered notice of the pendency of the suit to be given to the defendants, at least thirty days before the then next term.    The notice was not given, and the action was continued, under similar orders of notice, until 1836.    In October 1836, notice was served upon the defendants within this commonwealth, by the sheriff of Nantucket.    Upon the original writ the officer returned, that he had made service as follows, viz. by " attaching one pair of can-hooks set out to me by the plaintiff as the property of the defendants, and have left a true and attested copy of this writ, with my doings thereon, with Peter F. Ewer, he being in possession of the same."    It is agreed that these proceedings were conformable to the laws of Rhode Island ; and the question is, whether a judgment obtained in this manner, in another state, can be enforced within this commonwealth. The counsel for the plaintiff contends that the court had jurisdiction of the *cause,* and if they had jurisdiction of the *parties,* the judgment is conclusive; and that, it appearing by the record that the defendants had notice, they are precluded or estopped from denying the validity of the judgment.    In support of his views, as to the conclusiveness of the judgment, he has referred the court to a dictum of Parker, C. J. in the case of *Hall* v. *Williams,* 6 Pick. 239.    " If it appeared by the *record* that the defendant had *notice,* &c., we are inclined to think that it could not be gainsaid."    The chief justice nowhere defines the description of notice to which he refers ; but he is speaking of legal proceedings, and it may be inferred from the context, that he referred to a legal notice ; such a notice as a court is competent to direct, and which can be served within its jurisdiction.    In this sense, the language of the chief justice is consistent with a subsequent decision in the same volume, ( *Woodward* v. *Tremere,* 6

Pick. 354,) in which it was held, that knowledge of the pendency of a suit is not sufficient without service of process or an appearance. The jurisdiction of state courts is limited by state lines, and, upon principle, it is difficult to see how the order of a court, served upon a party out of the state in which it is issued, can have any greater effect than knowledge brought home to the party in any other way. In the present case, although the record states that personal notice was given, yet it also discloses the manner in which it was given; there is nothing in the record inconsistent with the facts agreed; and, indeed, the facts may be gathered from the record itself. But without deciding what effect, if any, is to be given to such a notice and record, whenever it appears that the court obtained jurisdiction of the cause, by an effectual attachment of property, we are satisfied that if the record does not disclose such an attachment, no effect ought to be given to the judgment out of the state in which it is rendered. Were it otherwise, the local legislation of any one state might, indirectly, compromise the interests of the inhabitants of all the other states, although they were never within its limits, and never held property under its jurisdiction. The only evidence that the defendants had property in the state of Rhode Island, is to be found in the return upon the writ. The property returned as attached is of little value, and the officer does not assume the responsibility of returning it as the property of the defendants. He returns, that it was set out to him by the plaintiff as the property of the defendants. At best, the return discloses merely the acts or declarations of the plaintiff, which ought not, in any manner, to prejudice the interests of the defendants. The return may be literally true, and the defendants may not have been, and probably they were not, the owners of the property attached. We consider this attachment to be formal or nominal only, sufficient, perhaps, to give the courts of that state jurisdiction, according to their laws, and to authorize them to render a judgment, but not of such a character as to justify this court in enforcing the judgment against the defendants.